*JACKSON, ex dem.* HALL AND OTHERS, *against* BURR.

A. by his last     THIS was an action of ejectment, brought to recover the *one
will and testa-
ment, direct-   eighth* part of a farm in *Canaan,* in the county of *Columbia.* The
ed his execu-
tors to pay his  cause was tried, in *December,* 1811, before Mr. Justice *Yates.*
debts, and to
pay 22 pounds to his wife, &c. and gave legacies to his several children, by name, and ordered his
executors to have his real and personal estate appraised, and if the amount of the sums bequeath-
ed, amounted to more than the value of his estate, the surplus to be divided between the legatees,
in proportion; and if it amounted to less, a deduction was to be made, in like proportion; provi-
ded that his debts and funeral charges should be first paid: and he declared that it was " to be
understood that each of the heirs and legatees named, were to receive their several sums out of his
estate in lands and goods and chattels, which he left at his decease." And he appointed two of
his sons and legatees, his executors.
   It was held, that there was no devise of the real estate; that the executors, at most, had a
power to sell the lands; and if so, the estate, in the mean time, and until it was sold, descended to
the heirs at law.

A verdict was taken for the plaintiff, subject to the opinion of the court, on the following case.

*Gideon Burr*, father of the defendant, and grandfather of the lessors of the plaintiff, died seised of the farm in question, in 1791, leaving seven children, and one granddaughter, his heirs at law. *Elizabeth*, one of the children, married *Benjamin Hall*, and both died, leaving the lessors, their heirs at law.

The defendant gave in evidence the last will and testament of *Gideon Burr*, dated the 11th *February*, 1784. The testator directed his executors to discharge his debts out of his interest and estate; and what remained he devised as follows: " I give to my beloved wife one third," &c. and I also order my executors to pay her 22 pounds, as a recompense for a certain piece of land, which I sold in the state of *Connecticut*, which belonged to her. " I also give to my son *Gideon Burr*, 227 pounds, deducting 27 pounds, before given him." And after giving legacies, in like manner, to his other children, he directs, as follows : " And furthermore, because it is uncertain what my estate may be worth, at my decease, I order my executors to appoint two or more men to appraise my real and personal estate, and take an inventory thereof ; and if, upon the estimate of my estate, it shall appear that there is more than to the amount of what is here given to the fore-mentioned persons and heirs, they shall each receive of the surplus, in proportion to what is herein given them ; and if it shall not amount to what is herein given, each of the heirs aforesaid shall receive less, in the same proportion with this proviso;. that my debts and funeral charges be first taken out and paid. And furthermore, it is to be understood, that each heir and others aforesaid, are to receive their several sums out of my estate, in lands, goods and chattels, which is left at my decease: And lastly, I ordain my sons *Gideon Burr* and *Ozias Burr*, to be executors," &c.

*Van Buren*, for the plaintiff, contended, that the real estate was not devised by the will, either in express terms, or by implication.* That if the executors had a power to sell, it had never been executed, and the estate descended and remained in the heirs at law.

*E. Williams*, contra, insisted that the executors took both the real and personal estate by the will, as a devise in fee, charged

* 6 *Term Rep.* 671. 1 *East*, 220. 2 *Vern.* 513. *Lovelass*, 153. 8 *Johns. Rep.* 145.

NEWYORK,
May, 1812.

KNICKER-
BACKER
v.
KILLMORE.

\* 1 *Term Rep.*
£14. *Eq. Cas.*
*Abr.* 197, 198.
3 *Burr.* 1662.
6 *Johns. Rep.*
190.

with the payment of the legacies.\*    And that, at any rate, the executors were entitled to the possession of the land, under the will.

 · *Per Curiam.*    There is no devise of the real estate to the defendant.    There is nothing which denotes such an intent.    The defendant had his specific legacy in money, with the rest of the children.    He is not distinguished from the other heirs, in any other respect than that he is made executor.    The most that could be deduced from the will is, that the executors had power to sell the land, and if that were so, the land in the mean time, and until the sale, would descend to the heirs at law.    There must be judgment for the plaintiff.

Judgment for the plaintiff.