IN THE MATTER OF THE ESTATE OF JOHN A. L'HOMMEDIEU, DECEASED.

*Will — lapse of legacies — when they pass under the residuary clause.*

A testator, after giving legacies to certain persons named, provided by his will as follows: "I do hereby devise, give and bequeath to the aforesaid Mary E. L. Hallet, all the remainder of my property, both personal and real, in my possession at the time of my decease, not otherwise disposed of in the foregoing will, to her heirs and assigns forever."

*Held*, that legacies which had lapsed, by the death of the legatees in the lifetime of the testator, passed under the residuary clause.

APPEAL from a decree of the surrogate of Orange county, upon the final accounting by the executors of John A. L'Hommedieu.

*Thomas J. Ritch, Jr.*, for Coles L'Hommedieu, appellant.

*W. J. Welsh*, for the executors, respondents.

BARNARD, P. J.:

The only question presented by this appeal is whether a lapsed legacy passes under the general residuary clause. The testator gave legacies to certain half-brothers and a half-sister who died before the testator, and thus these legacies lapsed. By the third clause of the will he gave to one Mary E. L. Hallett "all the remainder of my property, both personal and real, in my possession at the time of my decease not otherwise disposed of in the foregoing will, to her heirs and assigns forever." This case is not like *Kerr* v. *Dougherty* (79 N. Y., 328). In that case there was a residuary clause which included certain religious corporations which could not take. The court held that the portion of the residuum which thus failed was undisposed of. It is a settled rule of construction that a residuary clause carries all which is not legally disposed of by the will, unless a contrary intention is manifested from the will itself. Such an intention cannot be deduced from the mere absence of words, or that the testator failed to provide for the contingency upon which the lapse was occasioned. A testator is supposed to have given away from the residuary legatee for the sake of the particular legatee. (*King* v. *Woodhull*, 3 Edw. Ch., 79; *Kerr* v. *Dougherty, supra ; Floyd* v. *Carow*, 88 N. Y., 560).

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Part of decree of surrogate appealed from affirmed, with costs.