Matter of Estate of GEORGE MAPES, Deceased.

*Supreme Court, Second Department, General Term, December* 9, 1889.

*Will. Residuary clause.*—Where a testator gave, among other specfic legacies, a life estate to his son in a specified sum, with remainder to his children, and then disposed of all the residue of his property to his daughter, the bequest to the son, who died without children after his sister, passed under the residuary clause to her executors.

Appeal from decree of surrogate, directing payment of a certain fund to the executors of Sarah J. Mapes.

Testator's will was as follows :

" *Second*.—I give and bequeath to my said son, John S., the use or interest of $5,000 (reduced to $4,000 by the codicil) for and during the term of his natural life, etc., etc., and at the death of my said son, John S., I give and bequeath said sum of $5,000 to his child, or children, him surviving, share and share alike.

" *Third*.—All the rest, residue and remainder of my estate, of whatever character or description, and including whatever I may hereafter acquire, as well as any legacy herein given which may from any cause lapse, I give, devise and bequeath to my daughter, Sarah J. Mapes."

The daughter died in 1888, leaving a will by which she

made the American Bible Society and the Ladies' Home Society of Orange county residuary legatees. In 1889 the son died intestate and without children.

*W. D. Mills* and *Lewis E. Carr*, for appellants.

*B. R. Champion*, for executors, respondents.

*John F. Bradner*, for respondent, Ladies' Home Society.

*Bangs, Stetson, Tracy & McVeagh*, for respondent, American Bible Society.

BARNARD, P. J.—The testator intended to dispose of all his property. He made certain specific legacies and bequests and then made a very comprehensive residuary disposition of all the residue of his property to his daughter, Sarah Mapes. There was a bequest of a life estate in $4,000 to his son, with remainder to the children of this son who survived him. It is this clause which occasions the question to be adjudged. The son died after his sister and left no children. Did the testator keep back a possible estate to revert to him in case the son died childless? It seems very clear that he did not. He provided for the life estate and for the remainder, and if there was anything beyond that, he bequeathed it by the residuary clause. The intention to include in the residuary clause all the testator's property and interests is preserved, and the intention to exclude from its operation must appear by words limiting the effect of the clause, or by an intention to exclude from the whole will taken together. Riker *v.* Cornwell, 113 N. Y. 115; Floyd *v.* Carow, 88 N. Y. 560.

The judgment should, therefore, be affirmed, with costs to respondent out of the estate.

DYKMAN, J., concurs; CULLEN, J., dissents.