Marvin, J.
The case of Joseph Davis, executor of the will of William Hutchings, deceased, against Mary Hutchings and others, is a case commenced by a petition filed in the court of common pleas by Joseph Davis as such executor, asking for the instruction of that court as to his duties under the will of which he is executor.
The petition was filed under the provisions of sec. 6202 of the Revised Statutes, which reads:
*175 “An executor, administrator, guardian, or other trustee, may maintain a civil action in the court of common pleas against creditors, legatees, distributees, or other parties asking the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered, and the rights of the parties in interest, in the same manner and as fully as was formerly entertained in courts of chancery.”
And then follows a provision that if the trustee is requested to bring such action — to file such petition, by certain parties, he shall do so.
A demurrer was filed to this petition.
The petition sets forth that the plaintiff is the executor, duly qualified, of the will of William Hutchings, deceased, and then he quotes from the will various provisions. He says that different parties make a claim to the same parts of the estate, and he asks the direction of the court.
Very little was said in the hearing, as to this demurrer.
The cases of The First Presbyterian Society against the First Presbyterian Society, 25 Ohio St., at page 128; Merrick against Merrick, 27 Ohio St., page 126, and Bowen against Bowen, 38 Ohio St., page 426, are all to the effect that a state of facts such as the petition in this case discloses, warrants the filing of such a petition. Attention is called to the case-of Bowen against Bowen, supra, for the reason that in that case, although it is held that the rights of legatees under a will may be reached by virtue of the provisions of secs. 6198, 6199 and 6200 of the Revised Statutes, yet the court, on page 429, says:
“The executors have the right, under the statute, to protect themselves by obtaining the direction and judgment of the court upon the meaning or effect of the will-”
Section 6198 provides that proceedings may be Lad in the probate court by parties who claim to be entitled to a distributive portion of an estate, whether they be legatees, heirs, or other distributees, by which their rights may be *176 determined; but that can only be done after a general order of distribution has been made, the executor having filed his account showing the amount in his hands after the payment of debts, costs and expenses, and any legacies which he has paid; and, if thirty days thereafter he has failed to pay any one who claims to have the right to a distributive portion, such person may commence proceedings either in the probate court or.in the court of common pleas, and if commenced in the probate court, the court shall, on motion of either party, send the case to the court of common pleas, and the parties may all be brought in- and their rights determined in that action.
It seems to us clear, that the means provided in sec. 6198 and the sections immediately following, are not the exclusive means by which the rights of legatees in a case like the present may be determined, but that the course pursued by the executor in filing his petition in this case is clearly authorized, and that it is the preferable course to pursue. The demurrer is overruled.
We come then to what construction is to be given to this will.
William Hutchings executed his will on the 24th day of November, 1893, and died on the 12th day of September, 1894 — -less than one year after the execution of the will.
He had but one heir-at-law, an adopted daughter by the name of Isolena Davis.
By his will he provided for the payment of his debts, and the costs and expenses of settling his estate.. He then bequeathed property as follows:
To his daughter, Isolena Davis, $500.00;
Then to quite a number of other people, some relatives of his and some relatives of his wife, sums amounting in the aggregate to $2,800.00.
He then follows with bequests as follows: “$1,000.00 for the county pcor-house for Cuyahoga county; *177 $1,000.00 to the Congregational church at Chagrin Falls, Ohio; and $500.00 to The Bible Christian Conference in England — in the aggregate, $2500.00. Then (after directing that his real estate be sold) he says:
“And further the proceeds arising therefrom, with all from any and all sources, due to me from mortgage, bank, or bills unpaid at the time of my death, be used in paying all before specified as my indebtedness to my legatees and charities, and the balance divided between the children living at my death of the hereinafter- named brothers and sisters of my late wife and myself,” — naming them.
The contention here is on the part of Isolena Davis; she being, as I have already said, the only heir-at-law, being an adopted daughter of the testator,
It is contended on her part that, as the bequests made to these charities, by virtue of the statute, sec. 5915, are void he died intestate as to that $2,500.00; and therefore, his daughter, as heir-at-law,is entitled to have that amount paid to her; while on behalf of the people named as those who are to have the “balance, ” it is claimed that such $2,500.00 goes to them as a part of the residue of the estate not already disposed of in the will.
Something was said on the hearing, as to this language: ‘•‘The balance be divided between the children living at my death of the hereinafter named brothers and sisters of my late wife and myself;” that that was not equivalent to saying “the residue be divided” among these people, or is bequeathed to these people.
It seems to us that the word “balance,” as used here, is 'equivalent to saying that the “residue” be divided between these people; that what he meant to do was to give what was left after the payment of the bequests preceding this, to these people; and if that is so, we can see no distinction to be made between using the word “ balance, ” and the word “residue”.
The authorities are almost uniform that bequests in *178 a will, which turn out for any reason to be void, will go with the residue where there is a clause in the will bequeathing the residue of the estate to people named in that clause of the will.
In some of the jurisdictions there is a distinction made between devises of real estate and bequests of personal property. And it is held in some jurisdictions — not as uniformly now as earlier — that a devise of real estate to a residuary devisee will not include a devise made in a will which lapses or becomes void; but the cases which so hold do not hold, that the same is true as to personal property.
There is a case in 6 Conn., page 293 — the case of Greene v. Dennis, in which it is held that a devise of the residue of real estate after certain devises had been made, and where, among the devises made, there were some which had lapsed — that the devise of the residuum would not carry that part of the real estate included in the void devise, but in that case, the court say in the opinion, on page 304, that if it were a bequest of personal property, the rule would be different,and that the residuum would include the void bequest.
In the case in 9 Allen, page 283, Thayer v. Wellington, the court go into an elaborate discussion of the effect of a bequest of a residuum of the estate — where any bequests' named in the will are void or have lapsed from any cause, and they say that the rule is universal in its application, or that the courts are uniform in holding, that the'bequest of the residuum takes not only all that is not bequeathed otherwise in the will,but all that is not well bequeathed — so bequeathed as that the legatee can take it.
In the argument, we were cited by counsel representing the heir-at-law, to a case in 20 Wendell, 457, Van Kleeck v. The Minister and Officers of the Reformed Protestant Dutch Church of the city of New York, as holding a contrary doctrine. An examination of that case shows it was a *179 devise of real estate,and not a bequest of personal property, and the court say, that if it were a bequest of personal property, the rule would be otherwise, and that the legatee of the residuum would take the bequest which had lapsed or become void.
Another case upon which counsel for the heir-at-law seem greatly to rely,is the case of Kerr v. Dougherty, in 79 New York, page 327.
In his brief, the counsel for the heir-at-law makes copious extracts from the opinion in this case (Kerr v. Dougherty). The judgment was rendered by a divided court' — two judges dissenting — and in that case the judge delivering the opinion for the majority announced the general rule, that a residuary bequest will include such parts of the property as were not so bequeathed as that the legatee could take under the bequest; but the court — satisfactorily to itself' — 'made a distinction between that case and the ordinary bequest of the residuum. That case has been considered in the state of New York a good many times since — In the 96 N. Y., page 499, in the matter of Benson, guardian; in 113 N. Y, 115, Ricker v. Corvince; in the 88 N. Y., 568 in the case’ of Floyd v. Carow; in the 18 N. Y., 243; 46 Hun, 509; 126 N. Y., 215, Booth v. The Baptist Church — each one of these cases comments on the case of Kerr, executor, v. Dougherty, supra; and in each it is stated that the doctrine in New York, as well as in other jurisdictions, is that a bequest of the residuum of personal property carries to the reiduary legatee not only all that is not otherwise bequeathed, but also such as is undertaken to be disposed of under void bequests, and that no other doctrine was.intended to be announced in the Kerr v. Dougherty case, although the language used in the opinion might be understood otherwise.
It was urged, in the argument, that the manifest purpose of sec. 5915 of the statutes was to protect the heir-at-law, *180 and that since but for the fact of the adopted daughter, Isolena Davis, being alive, the bequests to the several charities would be good, she and she alone should profit by the fact that such bequests were made void by the statute; that is, that whoever takes that included within the void bequests, does so because the daughter is alive, and that it would be unreasonable to say that these residuary legatees shall take this when the only reason that any one can take it from those named in the void bequests, is because she is living; that certainly she should be the one benefited by the bequests becoming void.
E, P. Wilmot, and A. W. Jones, for Plaintiff.
C. OolHster, and Judge Jones, for Defendant. .
A similar argument was used in the case of Patton'v.Patton, 39 Ohio St., 590, and the court, in considering it in ,the opinion, on page 596, use this language:
“This contention is based on the assumption that lineal heirs alone might object to such bequest,as the proviso was for their protection alone. But this assumption is not authorized by the statute. We can see no reason why any ■one interested in the descent and distribution of the estate might not assert the invalidity of the bequest. True, the •invalidity of the bequest depends on the existence of lineal ■descendants, natural or adopted, at the death of the testator; ■but no use of the void bequest is preserved to lineal descendants. ”
We find nothing in this case to indicate that the testator intended that his daughter should receive more than the $500.00 bequeathed to her. She was not overlooked at the time the will was made, and it would seem that the testator had no desire or intention that she should receive more than the amount named in the bequest to her.
We, therefore, conclude that the money named in the bequests to charities is to be treated as a part of the residuum of the estate to be distributed to those named as taking “the balance,” and the decree will be entered accordingly.