SILAS DECKER and Another, Plaintiffs, *v.* WALTER D. HOAG et al., Defendants.

(Supreme Court, Kings Special Term, November, 1917.)

Partition — of real property — who entitled to bring — wills — actions — evidence — religious corporations — Decedent Estate Law, § 17. Wills — codicils — intention of testator — legacy — residuary estates.

C., who died a resident of New Jersey possessed of personal property and seized of real property in New York and New Jersey, by his will gave most of his property to his executors in trust to receive the income and pay it over to a New Jersey religious corporation for certain purposes. The Court of Appeals held that such disposition of the property was within section 17 of the Decedent Estate Law forbidding a person having a husband, wife, child or parent from giving more than one-half of his or her estate to charitable, educational or religious institutions; that the whole estate wherever situated must be taken into account in determining how much of the real property in New York testator was authorized to give to said religious corporation and that if, under the law of New Jersey, said corporation was entitled to receive the personal property and the real property situated in that state which exceeded in value the real property in New York then the real property in New York passed to the heirs of C. At the trial there was uncontradicted testimony that under the law of New Jersey there was no limitation upon the right of said religious corporation to take the New Jersey real property and personal property. *Held,* that the real property in New York descended to the heirs of C. and they were entitled to bring an action for the partition thereof.

Prior to the death of C., his brother T., who survived him but has since died, made a will which contained the following clause: *"Ninth.* I direct that if after all my just debts and funeral expenses are paid it is found that there is not a sufficient amount remaining to pay in full the sums to the persons herein mentioned, then said persons are to receive the sums in proportion to the amounts set opposite their names, and providing there is a remainder after all just debts and persons have been fully satisfied, as heretofore named, then said remainder is to

be divided *pro rata* among " the said designated persons. About ten months after C.'s death T. executed a codicil to his will ratifying and confirming the same and making the payment of certain legacies a charge upon his estate. *Held,* that reading the will and codicil together, and regarding the former as republished as of the date of the latter, it was the intention of T. to dispose of his entire estate and he intended his residuary estate, whether real or personal, to go to the persons named in the ninth clause of his will and that he used language sufficient to effectuate that intention.

Action for partition.

Merle I. St. John, for plaintiffs.

William D. McNulty, for defendants Hoag and George C. Vreeland, individually and as executors.

George R. Brennan, for defendant Jacob R. Decker, and guardian ad litem for infant defendants.

Griggs, Baldwin & Baldwin (Martin Conboy of counsel), for defendant Frederick N. Vreeland, as executor, etc., and others.

Edmund A. Statler, for defendant North New Jersey Baptist Association.

Benedict, J. This is an action for the partition of real property. The complaint was dismissed on the first trial, but on appeal to the Court of Appeals from a judgment of the Appellate Division, affirming the dismissal, the judgment was reversed and a new trial ordered. The real property in question was part of the estate of Conrad Vreeland, deceased, who died a resident of New Jersey, possessed of personal property and seized of real property in New York and New Jersey. He left a will by which, with slight exceptions,

he gave all his property to his executors in trust to receive the income and pay it over to the North New Jersey Baptist Association for certain purposes. It was held by the Court of Appeals in substance that this disposition was within section 17 of the Decedent Estate Law forbidding a person having a husband, wife, child or parent from giving more than one-half of his or her estate to charitable, religious or educational institutions; that the whole estate wherever situated must be taken into account in determining how much of the real property in New York the testator was authorized to give to the North New Jersey Baptist Association, and that if, under the law of New Jersey, the association was entitled to receive the personal property and the real property situated in that state, which exceeded in value the real property in New York, then the New York property passed to the heirs. There was uncontradicted testimony at the trial that under the law of New Jersey there was no limitation upon the right of the association to take the New Jersey real property and personal property. It follows, therefore, that the real property in New York descends to the heirs, and that this action is therefore properly brought. Counsel for the executors of the will of Conrad Vreeland has submitted no brief, and so I do not know whether he desires to contest this point. But under the decision of the Court of Appeals there appears to be no escape from the conclusion reached. The fact that no income had actually been paid to the association is unimportant. The New Jersey real property alone exceeded in value the New York real property.

The next question which requires consideration is as to the construction of the will of Thomas B. Vreeland. He was a brother of Conrad Vreeland and was living at the latter's decease, but has

since died. Prior to the death of Conrad, Thomas made a will in which, in substance, he provided as follows: After giving direction as to his funeral expenses, debts and burial plot, he directed that his friend Russell B. Zabriskie select himself a home, not to exceed $3,500 in cost, and that his executor see that Russell B. Zabriskie be granted a " warranteed " deed thereof and that " the said home be paid for out of the proceeds of my estate." A similar clause for the benefit of Ernest C. Zabriskie follows: Then follow some monetary legacies, among them one of $1,000 to Lydia L. Vreeland, and other provisions not material, and finally this clause: " *Ninth.* I direct that if after all my just debts and funeral expenses are paid it is found that there is not a sufficient amount remaining to pay in full the sums to the persons herein mentioned, then said persons are to receive the sums in proportion to the amounts set opposite their names, and providing there is a remainder after all just debts and persons have been fully satisfied, as heretofore named, then said remainder is to be divided *pro rata* among Russell B. Zabriskie, Ernest C. Zabriskie and Lydia L. Vreeland." Frederick N. Vreeland is appointed sole executor. About ten months after Conrad's death Thomas executed a codicil to his will, " which will," he says in the preamble, " I do ratify and confirm, and the purpose of this codicil is to more plainly explain the third and fourth clauses of my said will. In the two clauses aforesaid I have empowered my executor therein named to pay to Russell and Ernest Zabriskie the sum of $3,500 each for the purchase of a home. I do ratify and confirm the same and make these payments a charge upon my estate and do authorize and direct my executor therein named to pay out the sum so mentioned."

The contest over the construction of this will and

Supreme Court, November, 1917. [Vol. 101.

codicil arises between the heirs of Thomas B. Vreeland, among whom is the plaintiff, and the persons named in the 9th clause of his will, above quoted, who claim to be residuary legatees and devisees. It is urged on behalf of the former that the will and codicil of Thomas V. Vreeland disposed only of his personal property, and did not operate to devise his interest in the real property of his brother Conrad which was not validly disposed of by the latter's will. The defendants Zabriskie and Lydia L. Vreeland claim that the will disposed of Thomas Vreeland's entire estate, real and personal, and that they are therefore entitled to his share in the property in question. The heirs rely mainly on the proposition that a devise of real property, particularly after-acquired real property, will not be raised by implication to the disherison of the heir. *Jackson* v. *Burr,* 9 Johns. 104; *Havens* v. *Havens,* 1 Sandf. Ch. 324; *Lynes* v. *Townsend,* 33 N. Y. 558; *Quinn* v. *Hardenbrook,* 54 id. 83; *Brown* v. *Quintard,* 177 id. 75. See, also, *Kerr* v. *Dougherty,* 79 N. Y. 327, 345–347; *Dreyer* v. *Reisman,* 202 id. 476. The residuary legatees rely mainly on the presumption that a testator is to be deemed to have intended, in the absence of controlling expressions to the contrary, to dispose of his entire estate, and the rule that a residuary clause is to be construed, if possible, to cover the entire estate of the testator, real and personal, not otherwise disposed of. *Floyd* v. *Carow,* 88 N. Y. 560; *Lamb* v. *Lamb,* 131 id. 227; *Carter* v. *Board of Education,* 144 id. 621; *Morton* v. *Woodbury,* 153 id. 243. As I read the will of Thomas B. Vreeland, it seems evident to me that he intended to dispose of his entire estate. I assume that at the time he made his will he had no real property other than his burial plot. His interest in the real property of Conrad, situated in New York, was subsequently acquired. But when the codicil was made

such interest was then vested in him, and it is not improbable that he knew that his brother's right to give his New York real estate to the North New Jersey Baptist Association was questioned, for the codicil was executed only about three months prior to the commencement of this action. In the codicil he uses significant language to the effect that he makes the payments for Russell and Ernest Zabriskie " a charge upon my estate." For what purpose would he have made a codicil using this language but for the purpose of making these legacies a charge on real property, if any he should have? Reading the will and codicil together, and regarding the former as republished as of the date of the latter, I think we may say that Thomas Vreeland intended to dispose of his entire estate, and intended his residuary estate, whether real or personal, to go to the persons named in the 9th clause of his will, and, further, that he used language sufficient to effectuate that intention. It is urged on the part of the heirs of Thomas Vreeland that the will cannot be regarded as republished by the codicil as of the date of the latter, so as to pass real property acquired between the dates of the two instruments, because the codicil, in its dispositive part, is applicable solely and expressly to the property disposed of by the will, and it is asserted that this doctrine is supported by authority, citing 40 Cyc. 1222, n. 47. The authorities mentioned in the citation which might seem to support such a doctrine are English cases, the doctrine of which does not seem to have been accepted by the courts in New York. *Mooers* v. *White,* 6 Johns. Ch. 360, 374, 375; *Van Cortlandt* v. *Kip,* 1 Hill, 590; *Kip* v. *Van Cortlandt,* 7 id. 346; *Howland* v. *Union Theological Seminary,* 5 N. Y. 193, 214; *Brown* v. *Clark,* 77 id. 369; *Matter of Campbell,* 170 id. 84. In *Van Cortlandt* v. *Kip, supra,* Mr. Justice Cowen said: " It

seems to me that at this day it would be a violation of all reliable authority, to deny that a codicil duly attested to pass real estate, would, *per se,* whether it relate to real or personal property, operate as a republication of a devise, unless the testator declare that he does not intend the codicil to have that effect." And he quotes from Lord Ellenborough in *Goodtitle* v. *Meredith,* 2 Maule & S. 5, 13, as follows: "The effect of all these decisions is, to give an effect to the codicil *per se* and independently of any intention, so as to bring down the will to the date of the codicil, making the will speak as of that date, unless indeed a contrary intention be shown, in which case it will repel that effect." Although *Van Cortlandt* v. *Kip, supra,* was reversed on appeal to the Court of Errors (*Kip* v. *Van Cortlandt, supra*), the doctrine there stated was approved by the latter court, and the decision of the Supreme Court has been since regarded as authority therefor. See *Brown* v. *Clark,* 77 N. Y. 375; *Matter of Campbell,* 170 id. 86. These cases also show that the narrow and highly technical construction resorted to in some of the English cases to spell out an intention to limit the effect of the codicil would not find favor in our courts. I reach the conclusion, therefore, that the interest of Thomas B. Vreeland in the premises in question passed by his will to the persons named in the residuary clause.

I think that Carrie M. Vreeland, widow of Conrad, accepted the provisions of his will in her favor in lieu of dower. In fact, this contention on the part of the plaintiff does not appear to be contested.

Let the plaintiff prepare findings and interlocutory judgment in accordance with these conclusions and notice them for settlement on or before November 19, 1917. Requests to find may be presented at the same time. On the settlement of the interlocu-

tory judgment I will determine whether the defendant Hoag should be required to give a bond. I know of no authority for such requirement. If there be any such authority, let plaintiff submit the same.

Ordered accordingly.