John J, Dillon, S.
In a judicial settlement of the final account of the successor trustee there is presented for determination the question as to whether the will provides for the disposition of the remainder of a trust under the contingencies which have occurred, and if so, to whom such remainder is disrtrihutable, the testatrix having been survived by her husband who failed to survive the termination of the trust under article III (a) of the will.
The testatrix died on July 20, 1043, Her will dated January 25, 1943 was admitted to probate by decree of this court dated *819 July 26,1943. By article III (a) of her will testatrix bequeathed to her husband, as trustee, the sum of $40,000 which has since increased to about $75,000. The income was payable to a named sister during her lifetime. Upon her death the corpus of the trust was bequeathed to the husband of the testatrix, if then living, or if dead, the corpus was to “ become a part of The Folsom Foundation as hereinafter provided ” under the will.
By article V of her will, testatrix devised and bequeathed all the rest, residue and remainder of her estate to her husband, if he survived her; and by articles VI and VII made provision for the disposition of the residue in the event that she should survive her husband.
By article VII, testatrix provided that in the event her husband predeceased her, the residue of her estate be devoted to the organizing of a corporation for educational purposes to be known as The Folsom Foundation, and established the rules and regulations to be followed in forming and administering such corporation.
The testatrix was survived by her husband who died on November 13, 1954, predeceasing the sister of testatrix whose life measured the term of the trust under article III (a) and who died on March 18, 1959.
The petitioner, as accounting trustee, contends that under the contingencies which have occurred the will fails to dispose of the corpus of the trust and that testatrix died intestate as to the remainder. The respondents as administrator, c. t. a. under the will of the deceased husband of testatrix and as trustees of a foundation provided for under his will and known as The Maud Glover Folsom Foundation, Inc., contend that the remainder is payable to the trustees of the Foundation or, in the alternative, to the administrator, c. t. a. of the will of the deceased husband. The Attorney-General contends that the remainder is payable to the trustees of the Foundation provided for under article VII of the will of testatrix; but that no objection will be raised to the exercise by this court of the power of cy pres in a directive to pay over the fund to The Maud Glover Folsom Foundation, Inc., or, if the court determines that the remainder lapsed, that it becomes a part of the residuary estate devised and bequeathed to the husband of testatrix under article V of her will.
As a basis for the suggested application of the cy pres doctrine, a hearing was had wherein over the objection of the petitioner evidence was adduced to establish that The Maud Glover Folsom Foundation, Inc., was incorporated on May 16, 1957 pursuant to the provisions of the will of the husband of testatrix which is dated May 17, 1950 and a codicil dated March 2, 1954, *820 which were admitted to probate in this court on January 4,1955. A cousin of testatrix testified to a conversation with the testatrix and her husband in 194-3 wherein both stated that they had made similar wills and had provided the same or a similar foundation for boys.
The will of testatrix was obviously prepared by an experienced draftsman and a reading of the will as a whole indicates the general intention of testatrix to leave substantially all of her estate to her husband if he survived her or, if not, to The Folsom Foundation, provided for in article VTI of the will.
The court determines that under the contingencies which have occurred the remainder of the trust is payable to the Foundation provided for under article VII of the will. Petitioner urges in effect that because the initial phrase of article VII: ‘ ‘ In the event that my husband should predecease me ” provides for a contingency which did not and cannot occur, the will therefore contains no operative provisions for a gift to the Foundation. However, in article III (a) of the will, the testatrix in the provision for disposition of the remainder of said trust expressly stated that upon the death of the income beneficiary, the principal and unpaid accrued income be paid to her husband, if living, but if he then be dead, the same should ‘1 be paid over, into and become a part of the Folsom Foundation as hereinafter provided”. (Emphasis added.) The phrase: “as hereinafter provided ’ ’ is clearly referable to the provision for such Foundation in article VII, and not to the initial phrase of article VII providing against the contingency of the husband of the testatrix predeceasing her. Article III (a) expressly provides for the contingency of the husband surviving the testatrix and predeceasing the income beneficiary of the trust under said article HI (a) and article VII provides for the contingency of the failure of the husband of testatrix to survive her.
The will discloses therefore an intention to provide under the contingency which has occurred for a charitable trust for the educational purposes described in article VII of the will.
Where the will evidences a general charitable intention, such intention will be effectuated by the most liberal rules of construction that the law will permit. (Matter of Durbrow, 245 N. Y. 469.) It is here apparent, however, that the principal of the trust under article III (a) will be insufficient to accomplish the expressed purpose and objective of the testatrix by the formation of a separate Foundation for the purposes therein stated. The contingency of an insufficiency of funds is covered by the cy pres doctrine and the trust is not rendered invalid by such insufficiency. (Matter of MacDowell, 217 N. Y. 454.) *821 The provisions of the will of testatrix with respect to the Foundation for educational purposes are in all essential respects identical with the nature and purpose of the Foundation established under the will of the husband of testatrix as evidenced by the certificate of incorporation received in evidence in this proceeding. The formation of another corporation and the creation of a separate foundation to accomplish the same purpose would entail additional expense, unnecessarily, as well as a duplication of effort. The charitable intention disclosed in the will of testatrix can be best effectuated by payment of the remainder to The Maud Glover Folsom Foundation, Inc., for the uses and. purposes as defined by its charter. The court accordingly determines that under the doctrine of cy pres the remainder of said trust together with accrued income is payable to The Maud Glover Folsom Foundation, Inc.
Even if it were assumed, as contended by petitioner, that article III (a) of the will failed to provide for the payment to the Foundation for the purposes described in article VII, there would be no lapse of such remainder. By article V of the will testatrix devised and bequeathed the entire residue of her estate to her husband, if he survived her. On such assumption such remainder would therefore be payable to the administrator, c. t. a. of the will of the deceased husband of testatrix.
The primary function of the court in a construction proceeding is to ascertain the intention of the testator (Matter of Buttner, 243 N. Y. 1) and all rules of construction must bow to such intention when ascertained (Matter of Buechner, 226 N. Y. 440). Moreover, it is a canon of construction that where either of two constructions is possible, testacy will be preferred to intestacy. (Shult v. Moll, 132 N. Y. 122.) Because a residuary clause will therefore be broadly construed wherever possible (Matter of Miner, 146 N. Y. 121; Chemical Bank & Trust Co. v. Streat, 237 App. Div. 441, affd. 263 N. Y. 159), a lapsed legacy will pass under a residuary clause in the absence of a contrary intention (Riker v. Cornwell, 113 N. Y. 115, 126; Lamb v. Lamb, 131 N. Y. 227, 235).
The cases cited by petitioner to support the conclusion of intestacy are not applicable. In Matter of Disney (190 N. Y. 128) the lapse occurred in the residuary clause of the will which failed to provide for the contingency which had occurred. In Matter of Floyd v. Carow (88 N. Y. 560) the court held that an undisposed of remainder in a life estate under an earlier clause passed under the residuary clause of the will. The court there noted the distinction between a case where a lapse occurred in the residuary clause and a case where the lapse occurred else *822 where in the will. Matter of Eustis (140 Misc. 344) involved a situation where the testator clearly intended that certain property should not pass under the residuary clause of the will.
In Matter of Floyd v. Carow (supra, p. 568) the opinion by Andrews, J., restates the rule with respect to a residuary clause as follows: “A general residuary clause carries every real interest whether known or unknown, immediate or remote, unless it is manifestly excluded. The intention to include is presumed, and an intention to exclude must appear from other parts of the will, or the residuary devisee will take
The court determines that the residuary clause of the will is adequate to pass to the husband of testatrix any interest in real or personal property not effectually disposed of under earlier provisions of the will. The residuary clause is all-embracing and consequently adequate to dispose of any lapsed legacies. If the court were to conclude that the remainder of the trust under article III (a) of the will had not thereby been effectually disposed of, the remainder with accrued income would nevertheless become payable to the administrator, c. t a. of the will of the husband of testatrix, and ultimately to the Foundation incorporated pursuant to the provisions of the will of the deceased husband of testatrix.
The will is construed accordingly. Settle decree.