Gardiner, J.
 

 By the Court,
 

 According to the will of. Thomas Braman, Braman Barlow took an estate for life in the premises in question, remainder in tail to his son James Barlow, remainder in fee to his second son Cyrus.
 
 (But. Fearne, v.
 
 1, 426, 7;
 
 Driver
 
 v.
 
 Edgar, Cowp.
 
 379.) As the remainder limited to James Barlow, vested upon the death of the testator, it was converted by the statute of 1786 into a remainder in fee.
 
 (Wendell
 
 v.
 
 Crandall,
 
 1
 
 Comst. R.
 
 491.) James became a new stock of descent, and upon his death, in 1817, the land, which is the subject of this suit, descended to his father as his heir at law. The charge of the judge was therefore erroneous, and the supreme court were right in awarding a new trial.
 

 The other points discussed upon the hearing, have been considered and determined in
 
 Lott and wife
 
 v.
 
 Wykoff,
 
 decided at this term,
 
 (a)
 
 There must be a new trial.
 

 New trial granted.
 

 (a)
 

 Ante, p.
 
 355,