In the Matter of the Estate of ZALMON BONNET on the Appeal of DYCKMAN ODELL.

B., by the second clause of his will, gave a legacy of $5,000 to the wardens of St. John's P. E. Church at Wilmot, in trust, to apply the income to the relief of the poor of the parish. This legacy was held to be void because of indefiniteness as to the beneficiaries. The residuary clause of the will reads as follows, viz. : "All the rest, residue and remainder of my estate, after the payment of my just debts, funeral and testamentary expenses, I give and bequeath to the said wardens and vestrymen of the St. John's church aforesaid, and to their successors, to be applied by them as they may deem most beneficial to the prosperity of the church." *Held,* that in the absence of anything in the will showing a contrary intent, the void legacy, as well as certain others which lapsed, fell into the residuary estate and passed to the donee thereof.

If the title of a residuary legatee is not narrowed by special words of unmistakable import, the gift will carry with it all that falls into the residue, whether by lapse, invalid disposition or other accident.

Reported below, 46 Hun, 529.

(Argued April 22, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 19, 1887, which affirmed so much of a decree of the Surrogate's Court of Westchester county as adjudged that certain lapsed legacies given by the will of Zalmon Bonnet, deceased, and one adjudged to be void, passed to the residuary legatee.

The facts material to the question discussed are sufficiently stated in the opinion.

*Thomas Nelson* for appellant.   The words " rest, residue,"
etc., necessarily presume something before taken, and can only
apply to what is left.   They exclude the antecedent gifts in
the natural way of construing a will. · (*Smith* v. *Saunders*,
2 Black. 736.)   As the will evinces an intent not to give to the·
residuary legatee the legacy intended for another purpose, but.
which has miscarried by the prohibitions of the law, it then
becomes undisposed of by the will, and, from the partiality of
· the law towards heirs and next of kin, they become entitled
to the same.   The presumption in their favor is not to be·
counteracted by the courts, unless by clear words or necessary
implication the will points out one who is to take adversely.
(*Green* v. *Dennis*, 6 Conn. 292 ; *Van Vleeck* v. *Ref. D. Ch.*,
6 Paige, 606 ; *Kerr* v. *Dougherty*, 17 Hun, 241 ; 79 N. Y. 327 ;.
*Stephenson* v. *O. O. Asylum*, 27 Hun, 383 ; 92 N. Y. 433 ;.
*Iserman* v. *Myer*, 26 Hun, 651 ; *Goodwin* v. *Ingraham*,.
29 id. 221.)

*William H. Sage* for respondent.   The lapsed and void
legacies fall into the residuary estate and pass to St. John's-
Church, and are not distributable to the next of kin as prop-
erly undisposed of by the testator.   (*In re Benson*, 96 N. Y.
499, 510 ; *Wetmore* v. *Peck*, 66 How. Pr. 54 ; *In re L'Hom-·
medieu*, 32 Hun, 10 ; *Lefevre* v. *Lefevre* 59 N. Y. 446 ; *King·
v. Strong*, 9 Paige, 94 ; *Banks* v. *Phelan*, 4 Barb. 80 ;.
*Floyd* v. *Barker*, 1 Paige, 480 ; *Kerr* v. *Dougherty*, 79 N. Y.
327 ; *Betts* v. *Betts*, 4 Abb. N. C. 317.)   The description of
the residuary legatee in the will is sufficient, for the rule is.
that where the description in the will shows what legatee the·
testator had in mind, it will carry the bequest whether the
description is the legal title of the legatee or not.   (*Lefevre* v.
*Lefevre*, 59 N. Y. 434 ; *N. Y. Inst. for the Blind* v. *How*,
10 id. 88, 92 ; *Greer* v. *Belknap*, 63 How. Pr. 390 ; *Canfield*
v. *Crandall*, 4 Dem. 111 ; *Matter of Wehrhane*, 40 Hun, 542 ;.
*Shipman* v. *Rollins*, 98 N. Y. 311 ; *St. Luke's Home* v. *Assn.
of Aged Females*, 52 id. 191 ; *R. C. O. Asylum* v. *Emmons*,
3 Bradf. 144 ; *Holmes* v. *Mead*, 52 N. Y. 332, 343.)   The law

prefers a construction of a will which will prevent a partial intestacy to one which will permit it. (*Vernon* v. *Vernon*, 53 N. Y. 351, 361; *Thomas* v. *Snyder*, 43 Hun, 14.)

GRAY, J. The only question which we are askea to pass upon relates to the effect which is to be given to the eighth, or residuary clause of the will, in this record. That clause reads as follows, viz.: "All the rest, residue and remainder of my estate, after the payment of my just debts, funeral and testamentary expenses, I give and bequeath to the said wardens etc., of St. John's church and ιo their successors, to be applied by them as they may deem most beneficial to the prosperity of the church, * * * " etc. By the second clause the testator had given a legacy of $5,000 to the wardens of St. John's church, in trust to apply the income to the relief of the poor of the parish. This legacy of $5,000 was held below to be void, because of the indefiniteness of the beneficiary, and that determination has been acquiesced in. But the appellant, one of the testator's next of kin, contends that it was error in the surrogate to hold that the sum, so ineffectually given in the will, fell into the residuary estate. He argues that such a decision does not harmonize with the testator's intention; for the reason that the intention to give $5,000 for the benefit of the poor is irreconcilable with the idea of an intention, at the same time, to give the same sum for the benefit of the church solely. The decision of this appeal must be governed by the principle of our recent decisions in the cases of *Riker* v. *Cornwell* (*ante* p. 115) and *Cruikshank* v. *Home of the Friendless* (*ante* p. 337.) In those cases the doctrine of lapsed and void legacies and the rule as to residuary clauses were considered and the authorities reviewed. We hold that, unless a contrary intent unequivocally appears elsewhere in the will, a lapsed or void legacy will be carried by a general gift of the residuum of the testator's estate. If the title of a residuary legatee is not narrowed by special words of unmistakable import, the gift will carry with it all that falls into the residue, whether by lapse, invalid disposition, or other accident.

In this case the gift of the residue is universal. It is in general terms of all that remains after the payment of debts and of funeral and administration expenses. Such language takes in, of its own force, whatever, in the testamentary disposition of the testator, has failed of effect, and negatives the idea of the gift of a specific residue. No intention to exclude anything from the residuary estate appears anywhere, and the presumption to include obtains. The testator has constituted, by the language used, the wardens, etc., of St. John's Church as the universal legatees of all of his estate, which was not elsewhere by his will effectually or validly given. If he has previously ineffectually given to the same persons a particular legacy for a different purpose, it does not, by any means, legally or logically, follow that they should not, as the general residuary legatees, take the sum mentioned in the legacy, which has been pronounced illegal. The sum intended for the illegal purpose will go to swell the estate generally given, for the purpose mentioned in the residuary clause.

The judgment should be affirmed, with costs to the respondent, to be paid out of the estate.

All concur.

Judgment accordingly.