LAW *et al.* v. MAY *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. WILLS—CONSTRUCTION—RESIDUARY ESTATE.
    A will provided for testator's widow during her life, with a direction that the property invested for her benefit during her life should, at her death, form part of the residuary estate. Provision was then made for the application to the benefit of testator's son S. of a certain sum per annum, so much of the estate as necessary to be invested to raise that sum; which provision should be accepted by S. "in full satisfaction of all interest he may at any time have in my estate, either as my heir, or next of kin, or otherwise; it being my wish that under no circumstances shall he take or have any other share or interest therein than that which is given by this clause of my will." Testator then directed that, "after the satisfaction of the provisions hereinbefore made for my wife and son S., my executors shall divide the residue of my estate into eight equal parts;" and he gave two of said parts to his son G. absolutely, and the remaining six parts, in separate shares, in trust for his daughters, respectively, during the life of each, and at her death to her issue, or, if no such issue, then to testator's remaining children and their issue, excluding and excepting S. from any share or part therein. *Held* that, although the provision for the benefit of S. contained no direction that, after the death of S., the sum to be invested for him should become part of the residuary estate, the will showed that testator intended completely to dispose of his estate, and that the fund for the benefit of S. was to be disposed of, after his death, as part of the residuary estate.

2. SAME—PERPETUITIES.
    Out of the separate part of the residuary estate devoted to the creation of a trust for the benefit of one of testator's daughters an annuity to her husband was provided for, payable to him during his life. *Held,* that as to the part of the estate to be applied to the benefit of testator's son S. during his life, if thereafter included in the residuary estate, there was no suspension of the power of alienation beyond the statutory limit of two lives in being at the death of the testator; the interest of the husband of such daughter after her death being only that of an annuitant, which he was empowered at any time to extinguish or release.

Appeal from judgment entered on report of a referee.

Action by George Law and James Affleck, as executors of and trustees under the will of George Law, deceased, against Josephine May, Sarah Williams, Anna F. Wright, G. Granville Wright, George L. Williams, and Anna W. Williams, for the settlement of plaintiffs' accounts as executors, and for the construction of certain provisions of said will. Defendants Josephine May, Sarah Williams, and Anna F. Wright appeal from the part of the judgment construing the provisions of the will in question.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Robinson, Bright, Biddle & Ward,* (*Osborn E. Bright,* of counsel,) for appellants. *John M. Scribner,* for plaintiffs, respondents. *William B. Dall,* for defendants George L. Williams and Anna W. Williams, respondents.

DANIELS, J.    This action was brought to obtain a settlement of the plaintiffs' accounts as executors, and the construction of so much of the will of George Law, deceased, as relates to the disposition of the capital of a trust created for the benefit of his son Samuel, who is now also deceased.   So much of the judgment as includes the accounts is free from objection, and the appeal brings up for review no more than that part of it which adjudges that the United States bonds of the par value of $255,000, which were reserved and set apart to provide for the annuity for the testator's son Samuel, or the proceeds thereof, including the interest thereon since the decease of the beneficiary, shall be distributed, transferred, and paid over by the plaintiffs, "two-eights thereof [less plaintiffs' commissions] absolutely to the plaintiff George Law for his individual use and benefit, and that the other six-eighths thereof be distributed by the plaintiffs under the ninth, tenth, eleventh, and twelfth clauses of the testator's last will and testament, to be held by the plaintiffs as part of the residuary estate, which they held in trust pursuant to said ninth, tenth, eleventh, and twelfth clauses of said will."    The objection taken by the defendants who have appealed to this direction is that the remaining six-eighths of the bonds, after delivering two-eighths to the plaintiff George Law, should be equally divided between them, as the next of kin of the testator, they being his three daughters.    Their right to this division or distribution depends upon the question whether the testator died intestate as to this part of the estate, after the decease of his son Samuel.   The referee has decided that he did not, but that this remainder in the bonds formed part of the residuary estate, to be devoted to the extent of six-eighths to the trusts created by the will for the benefit of the daughters during their respective lives; and whether this is the construction which should be given to the will is the point on which the decision of the appeal must depend.

The first part of the will, after directing the payment of debts and funeral expenses, was devoted to provisions for the benefit of his widow.   Among these were the creation of a life-estate for her in his residence or other property to be obtained at her instance in lieu thereof, and in his farm and buildings in Washington county.   He also directed his executors to invest so much of his estate for her benefit as would produce the income of $25,000 a year, and to pay the same to her in quarterly payments, during her life; and at the time of her decease the property devised to her for life, and the investment to raise the yearly sum of $25,000 for her, was directed to form a part of the tes-

tator's residuary estate, and to be disposed of as such. After giving these directions, and adding that they should be accepted in lieu of dower, the provisions were then added for the benefit of this deceased son, Samuel, which were followed by the final directions for the division of the residue of his estate. Of this two-eighths have been given to his son George Law, one of the plaintiffs, and two-eighths in trust for life for each of his daughters, subject to an annuity in favor of Anna, the daughter of his daughter Sarah, and a similar annuity in favor of the son of his daughter Sarah. An annuity was also provided for out of that part of the estate which was devoted to the creation of a trust in two-eighths of the remainder for the benefit of his daughter Anna, payable to her husband during his life. These directions are important, so far as they indicate the intention of the testator to have been to provide for the division in this manner of the entire residue of the estate after the termination of the life-estates created for the benefit of his widow and of his son Samuel; and they do furnish evidence of that intention, for no disposition was directed as to any part of his estate in favor of any other persons until after the decease of his daughters, when the share of the person dying has been directed to be given to her issue then living, and, if there shall be no such issue, then to the testator's other children then living, and the issue of any one dying without leaving issue, in equal portions, the issue to take the share of the parent, and no more. His intention by these directions appears to have been to provide only for the members of his own family and their children, disposing of, in that manner, his entire estate. By the seventh paragraph of his will he provided: "After fully providing and raising all sums necessary to satisfy the foregoing gifts, devises, and bequests to my wife, I direct my executors to apply to the use and benefit of my son Samuel, during his natural life, for his support and maintenance, ten thousand dollars per annum, to be computed from the day of my decease, or so much of said sum as may in their judgment be necessary for that purpose, and I direct my executors to invest so much of my estate as may be necessary to raise the aforesaid sum of ten thousand dollars; it being my wish and desire that my executors shall have discretion as to how much of said ten thousand dollars shall be applied to the use and benefit of my said son Samuel; and that any surplus which may remain unapplied during any one year of said sum of ten thousand dollars shall be retained by my executors to meet any possible deficiency which may arise in any subsequent year. The above provisions in favor of my said son Samuel, are made, and shall be accepted, in full satisfaction of all interests he may at any time have in my estate, either as my heir, or next of kin, or otherwise; it being my wish that under no circumstances shall he take or have any other share or interest therein than that which is given by this clause of my will." And this contains further evidence that his intention was that his estate should be completely disposed of by his will; for, if that had not been his intention, he would not have declared the trust in favor of his son Samuel to be "in full satisfaction of all interest he may at any time have in my estate, either as my heir, next of kin, or otherwise; it being my wish that under no circumstances shall he take or have any other share or interest therein than that which is given him by this clause of my will." If he had intended or expected to die intestate as to the part of his estate in this manner devoted to the trust for the benefit of Samuel, then he could not deprive him of his ultimate share in that part of the estate, and this direction would have been nugatory. But its significance of the intention to include all his estate is further advanced by the additional declaration concerning the final vesting of the property appropriated for the benefit of his daughters and their issue, which the testator declared should be by "excluding and excepting, however, my said son Samuel, who shall have no share or part therein." These directions disclose the evident intention to have been that the estate should be wholly disposed of and divided under the provisions of the will, and

they harmonize completely with the general direction concerning what should be done with the remainders left by the decease of the widow and of this son. They are: "After the satisfaction of the provisions hereinbefore made for my wife and son Samuel my executors shall divide the residue of my estate into eight equal parts, and for this purpose shall convert into personalty all of my estate not then so converted; and two of said parts I give, devise, and bequeath to my son George, his heirs and assigns, forever." And they are the only directions given for the disposition of the residue of the estate; and that this residue was intended to include all of his estate not otherwise disposed of, is evident from the fact that it was to comprehend such parts as were given and devoted to the life-estate and the trust for his widow for life, all of which was declared to be part of the residue, to be disposed of as was afterwards directed. This disposition was to take place after the satisfaction of the provisions made for the widow and the testator's son Samuel. So much of the estate as was devoted to these objects was then combined together with all the residue in one mass, and the same disposition was to be made of the entirety. It was the residue previously mentioned which was not to consist solely of the property devised and bequeathed for the benefit of the widow for life; but that property was, after her decease, as it has been significantly declared, to form a part of the residuary estate. To form which residue it was to be added to the other property of the testator, which included the remainder of what was required to supply the income for the support of his son Samuel; for, after satisfying these directions for the benefit of the widow and the son, then all the estate remaining was directed to be divided, two-eighths to his son George, and the residue in trust for his daughters. All the residue of the estate was directed to be divided. There was no exception whatever from the completeness of that direction, but it was to divide the residue, which included all the residue, into eight equal parts. What was in this manner to be accomplished was the division of all the estate, including the remainders in the property devoted to the creation of the two life-estates for the widow and the son Samuel, among the other children of the testator. And this construction of the will is supported by the rule maintained by the authorities bearing upon the subject, and that is that the general residuary clause (and this was such a clause) will carry "every real interest, whether known or unknown, immediate or remote, unless it is manifestly excluded. The intention to include is presumed; and an intention to exclude must appear from other parts of the will, or the residuary devisee will take." *Floyd* v. *Carow*, 88 N. Y. 568. And it applies equally to personal as to real property. *In re L'Hommedieu*, 32 Hun, 10; *Kerr* v. *Dougherty*, 79 N. Y. 328; *Gilman* v. *Reddington*, 24 N. Y. 9; *Riker* v. *Cornwell*, 113 N. Y. 115, 20 N. E. Rep. 602; *In re Crossman*, 113 N. Y. 503, 21 N. E. Rep. 180; *In re Bonnett's Estate*, 113 N. Y. 522, 21 N. E. Rep. 139. There was not only no intention disclosed in any part of the will to exclude this part of the estate from the residue mentioned in it, but the intention was manifested that it should be included, and distributed under the directions which were given. It has been objected that this construction will create an unlawful suspension of the power of alienation or absolute ownership; but it can by no possibility be attended with that result, for each trust will terminate with the life of the daughter entitled to its benefit. At that time the share devoted to the trust will become absolutely vested in her or their issue, or her surviving brother and sisters; and the extent of the interest of Mr. Wright, the husband of the testator's daughter Anna, will be thereafter that only of an annuitant, which he will be empowered at any time to extinguish or release. The judgment, for these reasons and those of the referee, seems to be right, and it should be affirmed, with costs, to be paid by the executors out of the income of the estate.