FIRST PRESBYTERIAN CHURCH IN VILLAGE OF WATERFORD v. McKALLOR et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

1. WILLS—BEQUEST TO CHURCH.
  A bequest to trustees of a church for the benefit of the church is, in legal effect, to the church.

2. SAME—VALIDITY.
  That bequests to a church are in form given in trust for some particular purpose does not make them invalid, where the purpose is within its corporate powers.

3. CHURCH CORPORATION—POWER TO REPAIR AND IMPROVE PARSONAGE.
  Repairs and improvements of the parsonage of a church are within the corporate powers of a church corporation organized under Laws 1813, c. 60 (3 Rev. St. [8th Ed.] pp. 1881, 1903, 1909), and acts supplementary thereto (Laws 1875, c. 79, and Laws 1876, c. 176), authorizing it to hold real and personal estate "for the use of such church, congregation or society."

4. BEQUEST—PRECATORY WORDS.
  Where words in a bequest indicate that the legatee was to have the property absolutely for his uses and purposes, subsequent precatory words do not impose a trust thereon.

5. WILLS—PERPETUITIES.
  The statute against perpetuities does not apply to a bequest to a church corporation, to be used to keep in good order and repair a cemetery lot, where the church had power to take it for that purpose.

6. CHURCH—RIGHT TO TAKE PROPERTY IN TRUST FOR IMPROVEMENT OF CEMETERY.
  By Laws 1884, c. 198, an incorporated church may take a grant or bequest of property in trust to be used in improving or embellishing any burial ground or cemetery connected therewith or lot therein. Held, that a cemetery about a quarter of a mile from a Presbyterian church, and which was the only Protestant burying ground in the vicinity, and which contained lots owned and cared for by the church, where members and a former pastor thereof were buried, is connected with the church, within the meaning and purpose of the statute.

Appeal from special term.

Action by the First Presbyterian Church in Village of Waterford, N. Y., against Edgar C. McKallor and another, executors of Caroline S. Knickerbocker, deceased, to construe certain clauses of her will, and for an accounting and payment. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

On or about the 27th day of September, 1895, Caroline S. Knickerbocker, an inhabitant of Waterford, in the county of Saratoga, died, leaving a last will and testament, which was afterwards duly proved, and letters testamentary issued to the defendants. The ninth and tenth clauses of said will, the construction of which is involved in this action, are as follows: "Ninth. I give and bequeath to the trustees of the First Presbyterian Church of Waterford, N. Y., the sum of $2,000, in trust, to invest the same, and out of the income therefrom to pay annually towards the repairs and improvements of the parsonage property of said church the sum of $50, the balance of said income to be for the uses and purposes of said church. It is my wish that in the disposal thereof the said trustees will apply $20 towards defraying the expenses of one church sociable annually, in memory of my deceased mother, Mary L. Scott, and to divide the remainder thereof between the Ladies' Foreign and Home Missionary Societies connected with said church. Tenth. All the rest, residue, and remainder of my property and estate, of every name and kind, real and personal, I give, devise, and bequeath unto the aforesaid trustees of the First Presbyterian Church of Waterford, N. Y.,

in trust, to receive, take charge of, and invest the same, and from the income arising therefrom to expend annually so much thereof as shall be necessary to keep in good order and repair the cemetery lot of my deceased grandfather, Thomas Scott, as now inclosed and situate in the Waterford Rural Cemetery, and the remainder of such annual income to be applied and expended for the uses and purposes of such church, which my deceased mother cherished and loved so well, many, many years. It being my wish that said trustees will be guided in the distribution of such income by the officers of the Ladies' Sewing Society connected with said church, preferring benevolent to ordinary church expenses, hoping such use will compensate for the burden of this trust." The plaintiff claimed that these clauses were valid and effectual to devise and bequeath to it the money and property therein mentioned, and asked for an accounting and payment. The defendants claimed that the plaintiff had no power to take the property in trust, and that the bequests were in violation of the statute against perpetuities.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Edmund Chase Knickerbocker, for appellants.
C. S. & C. C. Lester, for respondent.

MERWIN, J.   The plaintiff was incorporated under the provisions of chapter 60 of the Laws of 1813 (3 Rev. St. [8th Ed.] pp. 1881, 1903, 1909). Under that act, or the acts supplementary thereto (chapter 79, Laws 1875; chapter 176, Laws 1876), the plaintiff had the right to hold real and personal estate "for the use of such church, congregation or society, or other pious uses." By the act of 1875, it was authorized generally, within certain limits as to amount, to take and receive by bequest or devise any real or personal estate. By section 4 of that act, the trustees of the society are authorized to hold and apply its property and revenues "for the benefit of such corporation, according to the discipline, rules, and usages of the denomination to which the church members of the corporation belong; and it shall not be lawful for the trustees to divert such estate, property, or revenues to any other purpose except towards the support and maintenance of any religious, benevolent, or other institution connected with such church, congregation, or religious society." By section 1 of the act of 1876, it is provided that the trustees shall hold and apply the property of the society and its revenues "for the benefit of such corporation according to the rules and usages of the church or denomination to which said corporation shall belong; and it shall not be lawful to divert such estate, property, or revenue to any purpose, except the support and maintenance of any church or religious or benevolent institution or object connected with the church or denomination to which such corporation shall belong."

The bequests in this case were, in legal effect, to the corporation, although in terms to the trustees of the church. Chamberlain v. Chamberlain, 43 N. Y. 424, 437; In re Wesley (Sup.) 17 N. Y. Supp. 304, affirmed 136 N. Y. 638, 32 N. E. 1014. The fact that the bequests are in form given in trust for some particular purpose does not make them invalid as long as the purpose expressed is one within the corporate powers of the church. Williams v. Williams, 8 N. Y. 525, 530; Wetmore v. Parker, 52 N. Y. 450; In re Wesley,

supra. The repairs and improvements "of the parsonage property of said church" are clearly within the powers of the corporation. Nor is there much doubt, upon the evidence in this case, that the maintenance of a church sociable, and aiding the Ladies' Foreign and Home Missionary Societies connected with said church, are within the scope of the powers of the corporation. Be that as it may, the wish of the testatrix upon these subjects, as well as the wish in the last part of the tenth clause, should be treated as merely precatory. Bird v. Merklee, 144 N. Y. 544, 550, 39 N. E. 645. She had previously indicated her intention that the church should have the property absolutely, for its uses and purposes. In such cases, precatory words will not ordinarily be deemed to operate as a command. 2 Story, Eq. Jur. § 1070. "When the words of a gift expressly point to an absolute enjoyment by the donee himself, the natural construction of subsequent precatory words is that they express the testator's belief or wish, without imposing a trust." 1 Jarm. Wills (5th Am. Ed.) 388.

It is claimed by the appellants that the provision in the tenth clause for keeping in good order and repair the cemetery lot of the grandfather of the testatrix is invalid, as being in violation of the statute against perpetuities. The argument is that the plaintiff had no power to take the fund for that purpose. If it had the power, the statute against perpetuities would not apply. Adams v. Perry, 43 N. Y. 487, 500; Cottman v. Grace, 112 N. Y. 299, 307, 19 N. E. 839. It is not necessary, I think, for us to determine whether the plaintiff, under its power to hold property for "other pious uses," can take a bequest for the care of a particular private burial lot (see 5 Am. & Eng. Enc. Law [2d Ed.] 933); for chapter 198 of the Laws of 1884 conferred power of that character sufficient, I think, for the purpose named. By that act, any incorporated church or congregation in the state has power to take any grant or bequest of property upon trust, to apply the same or the income thereof, under the direction of the trustees, for the improvement or embellishment of any burial ground or cemetery connected with any such church or congregation, or lot therein, or for the repair of any monument, railing, or other erection, or for improving the premises in any other manner or form consistent with the design and purpose of the act, according to the terms of the grant or bequest.

It is argued that the cemetery named in the bequest is not connected with the church or congregation represented by the plaintiff. The cemetery is not owned by the church, and is distant therefrom about a quarter of a mile. It is the only Protestant place of burying in that vicinity. The church owns eight lots in the cemetery, and these it takes care of. Some of the poorer members of the church are buried on them, and a former pastor is buried there. The lot of the testatrix's grandfather is not one of the eight lots referred to. He was a member of the church, as was also the testatrix. The cemetery named in the bequest was, I think, connected with the church or congregation, within the meaning and purpose of the act.

· In this view of the statute of 1884, it is not necessary to consider the question whether the plaintiff would take the fund although the first purpose was invalid.   See In re Birkett, 9 Ch. Div. 576; In re Bonnet's Estate, 113 N. Y. 522, 21 N. E. 139.   These considerations lead to an affirmance of the judgment.

Judgment affirmed, with costs.   All concur.