ARNOLD J. WEBB et al., Respondents, v. GERRIT S. SWEET
et al., Appellants.

WILL — EQUITABLE CONVERSION — CONTINGENT REMAINDER. A tes-
tator directed his executor to invest $1,500 in real estate for his niece,
to be conveyed to her and held during her natural life, and after her
death to the heirs of her body forever; the premises so to be purchased
he gave, devised and bequeathed to the said niece during her natural life,
and after her death "to the right heirs of her body forever;" the remain-
der of his estate he devised to his brother and his heirs forever; the tes-
tator died in 1885; the brother died intestate in 1892, leaving two sons,
his only heirs at law; the niece died intestate in 1902: without issue,
leaving a brother and sister her only heirs at law; at the time of her death
the $1,500 had not been invested as directed, but remained in the hands
of a trustee appointed to succeed testator's executor. *Held*, that the tes-
tator having died before the enactment of the Real Property Law (L. 1896,
ch. 547) the will must be interpreted according to the provisions of the
Revised Statutes (1 R. S. 722, § 3; 725, § 28; 748, § 2); that the direction
to invest operated as an equitable conversion of the fund into real prop-
erty, and that it should be disposed of as if the investment had in fact
been made; that the intent of the testator was to give his niece a life
estate only in the real property to be purchased with said fund; that upon
her death the title thereto vested in the heirs at law of testator's brother,
and not in the heirs at law of testator's niece.

*Webb* v. *Sweet*, 109 App. Div. 911, affirmed.

(Argued December 7, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 11, 1905, in favor of plaintiffs, upon the submission
of a controversy under section 1279 of the Code of Civil
Procedure.

One Arnold Webb died leaving a will which has been duly
admitted to probate. By his will he gave certain specific and
general legacies and made certain bequests, and he also pro-
vided as follows: "*Fifth.* I hereby direct my executor here-
inafter named to pay out, expend and invest one thousand
five hundred dollars in the purchase of real estate to be selected
by him in his discretion and best judgment for my niece,
Emily Sweet, and to be conveyed to the said Emily Sweet to

be held by her during the term of her natural life, and after her death to the heirs of her body forever, which said premises so to be purchased as aforesaid, I hereby give, devise and bequeath to the said Emily Sweet for and during her natural life and after her death to the right heirs of her body forever."

He gave, devised and bequeathed the rest, residue and remainder of his estate by a provision in his will as follows: "*Sixteenth.* I give, devise and bequeath all the rest, residue and remainder of my estate and effects, real and personal, not herein otherwise disposed of after payment of my debts, legacies and funeral charges, to my brother Reuben G. Webb of the City of Davenport in the state of Iowa, and his heirs forever (including my gold watch), with my earnest request that in case of the above-named legatees or devisees should from any unforeseen accident come to want he will provide for them and make them as comfortable as possible and as he, in his judgment, thinks proper."

Said Emily Sweet survived the testator and died intestate without descendant, never having had a child. She left her surviving the defendants Sweet and Lane, her brother and sister, her only heirs at law. Said Reuben G. Webb survived the testator and died intestate leaving him surviving the plaintiffs, his two sons, his only heirs at law. The defendant Parker is the duly appointed trustee under said will, and he has in his hands as such trustee $1,500 subject to investment as provided by the fifth paragraph of said will, but it has not been so invested, and it remains in his hands with some accumulated interest thereon. Such fund of $1,500 and accrued interest is claimed by the plaintiffs and also by the defendants Sweet and Lane, and the question in difference between them was submitted to the Appellate Division upon an agreed statement of facts, and said court rendered judgment in favor of the plaintiffs and against the defendants, declaring that the plaintiffs are the owners of and entitled to said fund and directing the defendant trustee to pay the same to the plaintiffs, less his legal fees as such trustee. The defendants Sweet and Lane have appealed to this court.

*S. C. Huntington* for appellants. Emily Sweet having survived the testator, her estate is a fee simple absolute and the defendants are absolutely entitled to the fund. (1 R. S. 748, § 2; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Terry* v. *Dayton*, 31 Barb. 519; *Wilkes* v. *Lion*, 2 Cow. 333; *Patterson* v. *Ellis*, 11 Wend. 259; *Barber* v. *Cary*, 11 N. Y. 401; *Barlow* v. *Barlow*, 2 N. Y. 386; *Brown* v. *Lyons*, 6 N. Y. 420; *Post* v. *Post*, 47 Barb. 89; *Metcalfe* v. *U. T. Co.*, 181 N. Y. 39; *Rivard* v. *Gisenhof*, 35 Hun, 247.)

*Henry Purcell* for respondents. The residuary clause operated to carry with it all property interests that were otherwise undisposed of including all bequests and devises that for any reason lapsed or failed because of invalid disposition or other accident. (*Matter of Bonnet*, 113 N. Y. 522; *Riker* v. *Cornwall*, 113 N. Y. 115; *Floyd* v. *Carew*, 88 N. Y. 560; *Matter of Miner*, 146 N. Y. 121; *Lamb* v. *Lamb*, 131 N. Y. 227; *Morton* v. *Woodbury*, 153 N. Y. 243.) As there were no heirs born to Emily Sweet the remainder was undisposed of and under the residuary clause it passed to the plaintiffs as heirs at law of the residuary devisee. (*Brown* v. *Wadsworth*, 165 N. Y. 225; *Shader* v. *Powers*, 56 Hun, 155; *Manice* v. *Manice*, 43 N. Y. 304; *Tompkins* v. *Ver Plank*, 10 App. Div. 579; *Clark* v. *Cammann*, 160 N. Y. 316; *McGillis* v. *McGillis*, 154 N. Y. 533; *Hall* v. *L. F. E. Co.*, 158 N. Y. 570.)

Chase, J. The testator died prior to the enactment of the Real Property Law (Chapter 547 of 1896) and the will must be interpreted in recognition of and obedience to the provisions of part 2, chapter 1, title 2, article 1 of the Revised Statutes. It is provided by section 3 of said article that:

" All estates tail are abolished; and every estate which would be adjudged a fee tail, according to the law of this state, as it existed previous to the twelfth day of July, one thousand seven hundred and eighty-two, shall hereafter be adjudged a fee simple; and if no valid remainder be limited thereon, shall be a fee simple absolute."

It is also provided by section 28 of said article that " Where a remainder shall be limited to the heirs, or heirs of the body of a person to whom a life estate, in the same premises, shall be given, the persons who, on the termination of the life estate, shall be the heirs, or heirs of the body of such tenant for life, shall be entitled to take as purchasers, by virtue of the remainder so limited to them."

The plaintiffs claim that Emily Sweet took a life estate in said property and that upon her death without heirs of her body the contingent remainder became vested in them as the heirs at law of said residuary legatee. The defendants Sweet and Lane claim that under said section 3 of the Revised Statutes said Emily Sweet took a fee simple absolute in said property and that upon her death it descended to them as her heirs at law. Was the will correctly construed in rendering judgment in favor of the plaintiffs?

It is not questioned here, but that the unqualified direction of the testator to invest the fund of $1,500 in real property in the manner stated, operated as an equitable conversion of the fund into real property and that it should be disposed of as if the investment had in fact been made.

We first look to the will to ascertain the testator's intention and have no difficulty in concluding that the testator intended to limit the devise to Emily Sweet to her life. It is so expressed by him in clear and unmistakable words. Subject to such life estate he intended that the real property purchased with said $1,500 should vest in her descendants, if she left descendants. There is nothing in the will to justify the contention of the defendants that the testator intended that the real property to be purchased with said $1,500 should remain in the Sweet family. The sixteenth paragraph of the will which gives to plaintiffs' father the rest, residue and remainder of the testator's estate is full, clear and sufficient as a devise to him of the remainder in said real estate contingent upon said Emily Sweet dying without leaving heirs of her body. (*Matter of Bonnet*, 113 N. Y. 522; *Riker* v. *Cornwell*, 113 N. Y. 115; *Floyd* v. *Carow*, 88 N. Y. 560; *Mat-*

*ter of Miner*, 146 N. Y. 121; *Lamb* v. *Lamb*, 131 N. Y. 227; *Morton* v. *Woodbury*, 153 N. Y. 243; *Moffett* v. *Elmendorf*, 152 N. Y. 475.)

Emily Sweet having died without heirs of her body, the judgment of the court below would seem to be right, unless the provisions of the Revised Statutes relating to the creation and division of estates require a different determination.

Chapter 2 of the Laws of 1782 declares, "That in all cases wherein any person or persons would if this law had not been made had been seized in fee tail of any lands, temements, hereditaments, such person or persons shall in future be deemed to be seized of the same in fee simple." That act was superseded by chapter 12 of the Laws of 1786 (Vol. 1, Revised Laws, 52), which in terms abolished all estates tail, and substantially re-enacted the provisions of the former act declaring that a person that would prior to that act take an estate tail shall be deemed to be seized of the same in fee simple absolute. This act was repealed when the Revised Statutes were enacted. Notwithstanding estates tail were abolished, the celebrated rule in *Shelley's Case* (1 Coke, 104) remained in force so far as it was unaffected by said acts until the enactment of said section 28 of the Revised Statutes. The revisers advised the abolition of the rule in *Shelley's* case as being one "purely arbitrary and technical and calculated to defeat the intention of those who are ignorant of technical language." The rule in *Shelley's* case was in substance that, "When the ancestor by any gift or conveyance takes an estate of freehold and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs in fee or in tail, the heirs are words of limitation of the estate and not words of purchase." (*Brown* v. *Lyon*, 6 N. Y. 419.) The rule in *Shelley's* case was a rule of law and not a rule of construction, and when a case came within its terms it was applied with all its arbitrary and technical severity. It was held in many cases to apply notwithstanding the will by express terms limited the gift to the first taker to an estate for life.

The enactment of said section 28 of the Revised Statutes not only abolished the rule in *Shelley's* case, but it settled in the negative any further claim that a testator's intention to limit a gift or devise to a person for life could not be carried out where a remainder is limited to the *heirs or heirs of the body* of a person to whom a life estate in the same premises is given.

The courts have recognized a construction of these sections of the statute so as to give effect to the intention of the testator in *Barber* v. *Cary* (11 N. Y. 397, 401); *Moore* v. *Littel* (40 Barb. 488, 495); *Barlow* v. *Barlow* (2 N. Y. 386); *Hall* v. *La France Fire Engine Co.* (158 N. Y. 570) and other cases.

That it was the intention of the Revised Statutes to have the courts first give effect, so far as possible, to the intent of the parties to all instruments affecting real property is further shown by section 2 of title 5 of chapter 1 of part 2 of the Revised Statutes, which provides as follows: "In the construction of every instrument creating or conveying, or authorizing the creation or conveyance of any estate or interest in lands, it shall be the duty of courts of justice, to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law."

We are of the opinion that the intent of the testator, as collected from the whole will, was to give Emily Sweet a life estate only in the real property to be purchased with said fund, and that such intent so expressed in said will is consistent with the rules of law.

The plaintiffs, therefore, became vested with the title to said fund upon the death of said Emily Sweet. The judgment should be affirmed, with costs.

Cullen, Ch. J., O'Brien, Edward T. Bartlett and Willard Bartlett, JJ., concur; Haight and Vann, JJ., absent.

Judgment affirmed.