ENDRESS v. WILLEY et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. WILLS—VALID TRUST—UNLAWFUL ACCUMULATION.

Where a valid trust is constituted under a will, but connected with it is an express or implied direction for an unlawful accumulation of income. if the valid trust is the main purpose of the will, and the provision for accumulation is incidental merely, the trust will be sustained so far as it is legal, and the amount of the unlawful accumulation will pass under the residuary clause in the will, if there is one; otherwise, as unbequeathed assets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 992, 993.]

2. SAME—WILL CONSTRUED.

A will gave all testator's real and personal property (except some portions otherwise disposed of) to his executors, in trust to collect the income, to pay from the income all taxes, costs, and expenses of the estate, home expenses, and those of his wife specifically provided for, and to keep the estate and any balance of income remaining after the payments aforesaid invested so as to yield a good income until the death of his wife, and then, after the payment of certain legacies and all debts and expenses, to divide the balance of his estate among his three sons equally. *Held*, that the will provided for an unlawful accumulation of income, but that the general trust provisions were legal, and were unaffected by the unlawful provisions, and that the balance of the income remaining, if any, would pass to the sons under the residuary clause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 992, 993.]

3. SAME—GENERAL RESIDUARY CLAUSE.

A clause of a will providing for a trust for the support of a widow, and upon her death for the payment of certain legacies and all debts and expenses, and "then to divide the residue and remainder of my estate equally, share and share alike, in full, amongst my three sons," is just as effectually a general residuary clause as though it were inserted as a separate clause in the will, and, being general and unlimited, it carried all that fell into the residue by lapse, invalid disposition, or other accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1279.]

Robson, J., dissenting.

Appeal from Special Term, Livingston County.

Action by Dora E. Endress against Lorin G. Willey and Pearl H. Willey, individually and as executors of the last will and testament of Charles B. Willey, deceased, Cameron L. Willey, Hortense M. Enton, and Pearl H. Willey as administrator of the estate of Levanchia L. Willey, deceased. From a judgment for defendants (102 N. Y. Supp. 71), plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Pickard & Dean, for appellant.

B. G. Foss and George Clinton, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to procure the will of Charles B. Willey to be adjudged invalid and that he died intestate as to his real and personal estate. The claim made by the plaintiff was that the second clause of the will was invalid because it created a trust, and as a part thereof illegally directed the accumulation of the income from the real and personal property involved in the trust. The court found the trust provided for was valid, except so far as it provided for the accumulation of income; that such provision for accumulation was invalid, but did not affect the balance of the trust provision; that the surplus income belonged to the three sons named in the second clause of the will; and that the plaintiff had no interest therein.

The testator died May 27, 1904, leaving a widow, three sons, and two daughters. By the second clause of the will he gave all his real and personal property (except some portions otherwise disposed of) to his executors, in trust to collect the income therefrom, to pay from the income all taxes, costs, and expenses of the estate, home expenses,

and those of his wife specifically provided for, and to keep the estate and any balance of income remaining after the payments aforesaid invested so as to yield a good income until the death of his wife, and then pay each of his two daughters $15,000 and cancel a mortgage held against plaintiff and her husband; and after the payment of such legacies to the daughters, and all debts and expenses, to divide the balance among his three sons equally. The widow died November 13, 1905, 1½ years after the testator. The property left by the testator was personal of the value of about $38,000 and real of the value of many hundreds of thousands of dollars. The executors qualified and acted as such. After the death of the widow they paid to the plaintiff her legacy of $15,000 and discharged the mortgage against her and her husband. Plaintiff received and has ever since retained the legacy and discharge of mortgage. It does not appear what income was received by the executors under the second clause of the will, or whether, after making the payments directed therein, there was any, and, if so, how much, income left, subject to the provision for investing or accumulating the same.

We agree with the trial court in his finding that this clause of the will did provide for an illegal accumulation of income. It was conditioned upon there being in fact any income to accumulate, after making the payments provided for; but if, upon an accounting for the income, there shall be found any balance, then it could not be regarded as a part of the trust fund, but must be disposed of as unbequeathed assets, or under the residuary clause in the will. The general trust provisions were legal, and were unaffected by the illegal provision as to accumulation of income. The latter provisions were merely incidental to the carrying out of the other trust provisions, which were the real purposes of the testator. Under these circumstances the rule laid down in Cochrane v. Schell, 140 N. Y. 516, 536, 35 N. E. 971, is applicable, and should control our decision. That rule is, in substance, that where a valid trust is constituted under a will, but connected with it is an express or implied direction for an unlawful accumulation of income, if the valid trust is the main purpose of the will, and the provision for accumulation is incidental merely, the trust will be sustained so far as it is legal, and the amount of the unlawful accumulation will pass under the residuary clause in the will, if there is one; otherwise, as unbequeathed assets. See, also, Henderson v. Henderson, 113 N. Y. 1–15, 20 N. E. 814, and cases therein referred to. So that the trial court was correct in sustaining the main trust as valid and in holding that the provision for accumulation of income was illegal.

Whatever income, therefore, was accumulated, did not pass under the trust provision as trust estate, and was in no way disposed of, unless there was a general residuary clause that would cover the same. The trial court apparently held that the provision at the end of the second clause of the will was such a residuary clause as took the accumulated income, if any, to the three sons therein named. The language was:

"After the payment of the above legacies, and all debts and expenses, then to divide the residue and remainder of my estate equally, share and share alike, in full, amongst my three sons," etc.

This clause, it will be observed, does not relate solely to the trust provision or to the trust property. It covers all his estate, and provides for payment of debts and expenses, which are in no way connected with the trust provisions. It is just as effectually a general residuary clause as though it were inserted as a separate clause in the will; and therefore, being general and unlimited, it carried all that fell into the residue by lapse, invalid disposition, or other accident. Matter of Bonnet, 113 N. Y. 522, 21 N. E. 139; Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602. In this view of the case the court very properly held that the plaintiff had no interest that entitled her to maintain this action, and in this decision we concur.

We do not see that it was necessary for the trial court to pass upon the question of estoppel by reason of plaintiff having accepted and retained the provision for her under the alleged invalid trust clause in the will, and we refrain from passing upon that question here.

Judgment affirmed with costs. All concur, except ROBSON, J., who dissents.