## ALBANY HOSPITAL v. ALBANY GUARDIAN SOCIETY AND HOME FOR THE FRIENDLESS et al.

(Supreme Court, Trial Term, Albany County.  December 6, 1911.)

1. WILLS (§ 858*)—CONSTRUCTION—LAPSED DEVISES.

A testator devised his residence to a church, to be used as a residence for the pastor, and to be forfeited when used for any other purpose.  The residence was not otherwise disposed of, unless by the residuary clause, which devised the residue of the testator's estate to certain named charities.  The testator left the bulk of his fortune to charities, making only a few small gifts to the children of his brother.  The church declined the devise of the residence.  *Held* that, it being the testator's apparent intention to leave to charity all of his property not otherwise disposed of, it cannot be presumed that he intended an intestacy as to his residence, in case the devise failed, and the residence passed to the named charities under the residuary clause, and not to testator's heirs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183;  Dec. Dig. § 858.*]

2. WILLS (§ 774*)—LAPSED LEGACIES.

There is no difference between a lapsed legacy and a lapsed devise.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 774.*]

Action by the Albany Hospital against the Albany Guardian Society and Home for the Friendless and others.  Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rosendale & Hessberg, for plaintiff.

David A. Thompson, for defendants Albany Guardian Society and Home for the Friendless and Home for Aged Men.

Mead & Hatt, for defendant Albany Orphan Asylum.

Russell M. Johnston, for defendants Russell M. Johnston and Donald McCredie.

Rockwood, McKnight & McKelvey (W. W. Kelley, of counsel), for defendants Amy L. Hanson and Walter Hanson.

Oliver C. Reynolds (Judge Stover and V. H. McCutcheon, of counsel), for defendants Aimee L. Gunning Rochester and Richmond Rochester, Jr.

RUDD, J. This action is brought for a partition or sale of the real estate, consisting of a dwelling house, located on the southwest corner of Washington avenue and Swan street, in the city of Albany, of which Ariel Lathrop, late of the city of Albany, leaving a last will and testament admitted to probate, died seised.

[1] Defendant Amy L. Hanson is a niece of Ariel Lathrop, deceased, and Aimee L. Gunning Rochester is a grandniece. If Ariel Lathrop had died intestate, his real estate would have descended as follows:

| Charles C. Lathrop, | Brother, | One-half; |
|---|---|---|
| Amy L. Hanson, | Niece, | One-sixth; |
| Jeannie L. Lawton, | Niece, | One-sixth; |
| Aimee L. Gunning, | Grandniece, | One-twelfth; |
| Daniel S. Gunning, | Grandnephew, | One-twelfth. |

The real estate above mentioned was devised by the third paragraph of the last will and testament of Ariel Lathrop as follows:

"Third. I give, devise and bequeath to the Emmanuel Baptist Church of the City of Albany, New York, my house and premises situate on the southwest corner of Washington avenue and Swan streets in the city of Albany, New York, also all carpets and curtains that may be in said house at the time of my death, to be used by said church as a residence for the pastor of said church and for no other purpose whatsoever. In the event of this being used for any other purpose than above specified the same shall be forfeited. I direct, however, that the above devise shall not become operative until one year from the probate of this my last will and testament, in order that my executors may not be inconvenienced in regard to removing the furniture therein contained."

The personal estate of the testator amounted to about the sum of $193,000. The testator was seised of other parcels of real estate, in addition to the one above mentioned, all of which he specifically devised. The real estate in question was not devised, or disposed of, by the will in any way, except by the third paragraph of the will, unless the testator disposed of it by the residuary clause, which reads as follows:

"Ninth. All the rest, residue and remainder of the estate of which I shall die seized I give devise and bequeath one-third (⅓) part thereof to the Albany Hospital, one-sixth (⅙) part thereof to the Albany Guardian Society and Home for the Friendless, one-sixth (⅙) part thereof to the Home for Aged Men, one-sixth (⅙) part thereof to the Albany Orphan Asylum, and one-sixth (⅙) part thereof to the Albany Orphan Asylum to be applied to the use of the 'Lathrop Memorial.'"

The Emmanuel Baptist Church of the city of Albany, the devisee mentioned in the third paragraph of the will, declined to receive the real estate, and this action is brought.

The Albany Hospital claims a one-third part of the premises in question under the residuary clause of the will, and the defendant Rochester contests the claim of the plaintiff, for the reason alleged that the will does not disclose any intention on the part of the testator to dispose of the real estate in question, except under the specific devise to the Emmanuel Baptist Church, and that the language of the residuary clause in the will is not sufficient to include the property, and that, therefore, this particular parcel of real estate was not disposed of by will, and passed to the heirs at law of the testator; the defendant Rochester thus claiming a one-twelfth undivided part of the premises in question. The defendant Hanson, for the same reason claims one-sixth of the property.

Charles C. Lathrop, brother, Jeannie L. Lawton, niece, and Daniel S. Gunning, grandnephew, make no claim to any part of this property, having conveyed all interest which they had in the premises, if any, to the charitable institutions named as residuary legatees.

Whether Ariel Lathrop died intestate, so far as this real estate is concerned, or whether it goes under the residuary clause of his will, must be determined by a construction of the will, and the drawing of inferences as to the testator's intention solely from the context. It seems from the reading of the whole instrument that the testator intended to dispose of all the property he had under and by the will.

[2] There is no difference between a lapsed legacy and a lapsed devise. The defendant Rochester contends that the devise to the Emmanuel Baptist Church is not a lapsed devise, but that the title vested in the church upon the death of the testator, subject to being defeated by the failure to carry out the conditions imposed, namely, the use of the property for the purposes of the church, as specified in the will.

It does not seem that it is essential to the proper consideration of the question here to determine that the devise is a lapsed devise. It certainly is an ineffectual devise. It is a devise, or an attempt to devise, which, so far as the estate is concerned, resulted in a residue. The church to which it was offered refused to accept. By the action of the church it was left undisposed of, so far as the estate was concerned. It was held in the Matter of Bonnet, 113 N. Y. 522, 21 N. E. 139:

"That unless a contrary intent unequivocally appears elsewhere in the will, a lapsed or void legacy will be carried by a general gift of the residuum of the testator's estate. If the title of a residuary legatee is not narrowed by special words of unmistakable import, the gift will carry with it all that falls into the residue, whether by lapse, invalid disposition, or other accident."

It does not unequivocally appear in the will of the testator that his intention was to die intestate so far as this particular piece of real estate was concerned, and that all of his other parcels of real estate, save the parcel in question, and all of his other personal property, should go under the will. It is not for us here to determine what would have been the result, and what the necessary legal consequences,

had the church accepted the devise, entered into possession of the real estate, and subsequently had failed to use the same for the purposes of the church, in accordance with the condition imposed by the testator in the paragraph in which he makes the devise. "Sufficient unto the day is the evil thereof."

The condition we are dealing with is one which really exists. The property did not go under the specific devise. The title of the property was never in the church. The church took affirmative and positive action. It refused to accept the property. It never had title, dominion, or control of it. It is a fair presumption that the testator had that in mind. It was for the church to say whether it would accept the property, with the condition imposed. It did not accept it. The condition seemed to the church burdensome.

The residuary clause is general and comprehensive. It includes all that remains after every provision is executed which is capable of execution. The one we are considering was not, apparently, capable of execution. The words of the residuary clause are hardly strong enough to exclude from its provision any of the residue, which is a test in the effort to ascertain the testator's intention.

While it is true that the heir is not to be disinherited, except by express devise, or by a devise which is clear by necessary implication, the residuary clause contains no language limiting or contracting or circumscribing its general effect. It seems apparent that the testator, with the exception of the comparatively few personal gifts to the children of his brother, intended to devote the property passing under his will to charitable and benevolent purposes.

It is not possible from anything that is written in the instrument to get the suggestion, even, that his nieces or grandnieces were to be subjects of his bounty. Those of his blood, whom he desired to share in a part of his estate, he named or referred to in such a manner as that their identity is clearly established. As before stated, practically all of his property went to the institutions named.

In Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133, the court said:

"Where the language of a residuary clause is ambiguous, the leaning of the courts is in favor of a broad rather than a restricted construction. It prevents intestacy, which it is reasonable to suppose testators do not contemplate, and if the mind is left in doubt upon the whole will as to the actual testamentary intention, a broad rather than a strict construction seems more likely to meet the testamentary purpose, because such a clause is usually inserted to provide for contingencies or lapses, and to cover whatever is left, after satisfying specific and special purposes of the testator manifested in the other clauses of his will."

This residue clause is similar in its phraseology, in the scope of its accomplishment, to those clauses which the courts have characterized as general sweeping residuary clauses, covering everything of which disposition had not already been effectually made.

The defendant Rochester relies upon Kerr v. Dougherty, 79 N. Y. 327, as a case analogous to the one here under consideration. In Kerr v. Dougherty it was said that:

"The general rule that in a will of personal property a general residuary clause carries whatever is not otherwise legally disposed of does not apply to a residuary clause limited by its terms as to what remains after payment

·of specific legacies. In such case, if any of the legacies are void, there is .another residuum which is undisposed of."

But Kerr v. Dougherty has been overruled in Langley v. Westches- -ter Trust Co., 180 N. Y. 332, 73 N. E. 44.

From this instrument it is certainly clear that the testator gives ·expression to his intention, and a proper construction of the instru- ment must result in the necessary implication that he did not intend to die intestate as to any of his property, real or personal, and this ·conclusion can be reached without forgetting and without ignoring the doctrine, upon which the heirs at law rely, that:

"An heir can only be disinherited by express words or necessary implica- :tion."

Judgment may be entered in favor of the plaintiff, as prayed for in the complaint, with costs.