In the Matter of the Estate of CHARLES FREDERICK CLUETT, Deceased.

Surrogate's Court, Saratoga County, December 15, 1928.

*Killeen & Sweeney* [*Charles R. Sweeney* of counsel], for petitioner Clarence Cluett.

*William W. Morrill*, for Mae Vivian Cluett, executrix.

TUCK, S. This is an application for an order directing the executrix of the will of Charles F. Cluett, deceased, to segregate and set aside from the property of the estate $7,325 and to hold the same and apply it to the payment of all bills and charges for work and materials employed in the construction of the dwelling house referred to in said petition which shall be approved by the petitioner and the architect in charge of the work.

. The will of Charles F. Cluett was duly admitted to probate in the Surrogate's Court of Saratoga county and paragraph 10 reads as follows:

" I give, devise and bequeath unto my brother, Clarence W. Cluett, if he shall survive me, the lot and premises in Sound Beach, Connecticut, on which lot I am soon to erect a building for residence. It is my intention to expend the sum of Ten Thousand Five Hundred Dollars, and no more, for such land and building, having already acquired and paid for the land.

" In case I shall die before the erection of the building upon said lot shall be commenced, then and in such·case I direct my executrix, hereinafter named, to pay all bills for work and materials employed in the construction of said building which shall be approved by my said brother and the architect in charge of the work to the extent in the aggregate of Seven Thousand three hundred and twenty five dollars, and no more.

· " In case I shall die while the said building is in course of construction, then, and in such case I direct my said executrix to pay all bills for work and materials employed in the construction of said building which shall be approved by my said brother and said architect, but only to the extent of the amount remaining of Seven Thousand and Three hundred and twenty five dollars, after deducting therefrom the amount paid out by me in my life time for

work and materials employed in the construction of said building, it being my intention to limit my expenditure and the expenditures of my estate in the matter of the construction of said building to the sum of Seven Thousand three hundred and twenty five dollars, and no more, in addition to the Three Thousand Dollars already paid out by me for the land upon which it is intended to erect said building, and One hundred seventy five dollars for commissions and search.

"It is, also, my intention that my said brother Clarence W. Cluett, if he shall survive me, shall take, have and own said land and the said building to be erected thereon to his own use forever."

Mae Vivian Cluett, executrix of the will of Charles F. Cluett, has filed an answer admitting the provision of the will and substantially denying the necessity or right for presently setting aside the sum of money and in effect alleging that the estate is unable to pay this legacy in full without materially affecting other legacies in the decedent's will directed to be paid.

A similar situation appears substantially in *Webb* v. *Sweet* (187 N. Y. 172) and there the directions in the will read: " I hereby direct my executor * * * to pay out, expend and invest one thousand five hundred dollars in the purchase of real estate to be selected by him in his discretion and best judgment for my niece, Emily Sweet, and to be conveyed to the said Emily Sweet to be held by her during the term of her natural life, and after her death to the heirs of her body."

The court there held that the direction to invest operated as equitable conversion of the fund into real property and that it should be disposed of as if in fact the investment had been made.

It seems that the court must come to this conclusion if the intent of the testator as expressed in his will is to be carried out.

The provision in respect to Clarence Cluett would appear to have preference over the other provisions contained in the will and in carrying out that provision there may be some diminution of some or more of the remaining legacies. It is doubtful if such diminution will actually occur, but even should there be undoubtedly the provisions of the testator's will as contained in paragraph 10 would seem to require such an order as is prayed for.

Petitioner's motion is granted and order may be settled upon notice.